# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| PARIS ROBINSON | ) | |
| | ) | |
| Plaintiff, | ) | 19 C 1710 |
| | ) | |
| v. | ) | |
| | ) | |
| FEDEX GROUND PACKAGE | ) | |
| SYSTEM, Inc. and TOMMIE SMITH | ) | |
| | ) | |
| | ) | Judge John Z. Lee |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Paris Robinson has sued Defendants FedEx Ground Package System, Inc. ("FedEx") and Tommie Smith, accusing them of sexual harassment, see 42 U.S.C. § 2000e *et seq.*, (Count I), sexual discrimination, *id.*, (Count II), retaliation, *id.*, (Count III), constructive discharge, *id.*, (Count IV), gender violence, see Illinois Gender Violence Act ("IGVA"), Ill. Comp. Stat. Ann. 82/10, (Count V), law assault and battery (Count VI), and intentional infliction of emotional distress (Count VII). FedEx has moved for the Court to dismiss Robinson's discrimination and IGVA claims [15]. For the reasons stated below, the Court grants the motion to dismiss as to the IGVA claim, but denies it in all other respects.

## Factual Background[1]

The complaint tells a troubling tale. Robinson started working as a Senior Operations Administrative Assistant at FedEx in November 2017. Compl. ¶ 17, ECF No. 1. Robinson's job was to sort boxes, perform quality control, and help other FedEx employees. *Id.* ¶ 19. But Robinson spent much of her time at work enduring abuse at the hands of Tommie Smith, another Administrative Assistant. *Id.* ¶¶ 25–36.

Among other things, Smith called Robinson inappropriate names, *id.* ¶ 26, touched her waist and back without permission, *id.* ¶ 28, and falsely told co-workers that he and Robinson were sleeping together, *id.* ¶ 30. Within a month, Robinson reported Smith's abuse to HR. *Id.* ¶ 40. The ensuing investigation corroborated Robinson's claims. *Id.* ¶ 76. But rather than punish Smith, FedEx promoted him. *Id.* ¶¶ 48–59.

After that, the complaint alleges that Smith's conduct grew even more egregious. Learning that Robinson had reported his behavior to HR, Smith called Robinson a "whore" and spread rumors about her sleeping with co-workers. *Id.* ¶¶ 57–58. Following Smith's lead, other employees began to "physically and verbally attack" Robinson. *Id.* ¶¶ 54–55.

Encouraged by Smith, FedEx managers turned against Robinson. First, HR started to write her up for minor infractions. *Id.* ¶ 94. Then, Robinson's supervisor assigned her to lift packages of up to 100 pounds, even though he knew she had

---

[1] When reviewing a motion to dismiss, the Court assumes that the alleged facts in the complaint are true and draws all possible inferences in favor of the Plaintiff. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

sustained serious injuries in a car accident. *Id*. ¶ 141. Next, HR stopped Robinson from using the PTO she had earned. *Id*. ¶ 150. Unable to stand any more abuse, Robinson quit. *Id*. ¶ 154. Determined to hold FedEx and Tommie Smith accountable, Robinson brought this suit.

## **Legal Standard**

To survive a motion to dismiss pursuant to Rule 12(b)(6), the complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). The factual allegations in the complaint must at least "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. In reviewing FedEx's motion to dismiss, the Court must accept as true all well-pleaded allegations in the complaint and draw all possible inferences in the plaintiff's favor. *See Tamayo*, 526 F.3d at 1081. At the same time, legal conclusions are ordinarily "not entitled to the assumption of truth." *Iqbal,* 556 U.S. at 679.

## **Analysis**

FedEx seeks to dismiss two counts of Robinson's complaint under Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim. First, as to Count II, FedEx contends that Robinson's discrimination claim duplicates her harassment claim and, therefore, should be dismissed. Second, as for Count V, FedEx maintains that the IGVA does not authorize suits against corporations. The Court addresses each argument in turn.

I.     **Robinson Plausibly Alleges Sex Discrimination**

To state a sex discrimination claim, a plaintiff "need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of sex." *Tamayo,* 526 F.3d at 1084. It is well-established that "sufficiently severe" workplace harassment counts as an adverse employment action. *Herrnreiter v. Chicago Hous. Auth.*, 315 F.3d 742, 745 (7th Cir. 2002). If the plaintiff has already brought a harassment claim, however, she may not also raise a discrimination claim based on harassment. The reason is that the latter claim duplicates the former. *See, e.g., Bermudez v. City of New York*, 783 F. Supp. 2d 560, 590 (S.D.N.Y. 2011) (dismissing the plaintiff's "discrimination claims a[s] duplicative of her sexual harassment [claim]" because all of her discrimination allegations "deal[t] with sexual harassment"); *Brooks v. FedEx Supply Chain, Inc.*, No. 319CV00014NJRMAB, 2019 WL 1746264, at *5 (S.D. Ill. Apr. 18, 2019) (same). Here, the question is whether Robinson states a plausible sex discrimination claim that is distinct from her harassment claim. If not, the discrimination claim should be dismissed.

Unfortunately, the parties analyze this issue under the wrong standard. In their briefs, both FedEx and Robinson invoke the four-element *McDonnell-Douglas* test. *See* Pl.'s Resp. Mot. Dismiss ("Pl.'s Resp.") at 4, ECF No. 28; Mem. Sup. Def.'s Mot. Dismiss ("Mot. Dismiss.") at 2–3, ECF. No. 16. But that framework pertains to summary judgment motions, not motions to dismiss. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 515 (2002) (holding that "an employment discrimination plaintiff need not plead a prima facie case of discrimination"). At the motion to dismiss stage,

a complaint "need only aver that the employer instituted a[n] . . . adverse employment action against the plaintiff on the basis of her sex." *Tamayo,* 526 F.3d at 1084.

Measured against that standard, taking all well-pleaded allegations to be true and giving Robinson the benefit of all reasonable inferences, Robinson successfully states a sex discrimination claim that stands apart from her harassment claim. Aside from sexual harassment, Robinson identifies numerous other adverse employment actions. For example, Robinson says that FedEx refused to let her use PTO she accrued. Compl. ¶¶ 148–50; *see Richardson v. Swift Transportation Co. of Arizona, LLC*, No. 17 C 4046, 2018 WL 1811332, at *2–3 (N.D. Ill. Apr. 17, 2018) (classifying an employer's "fail[ure] to allow [its employee] time off" as an adverse action). And FedEx burdened Robinson with enough extra work to endanger her safety. Compl. ¶¶ 133–38; *see Herrnreiter*, 315 F.3d at 744–45 (categorizing a decision that created an "unsafe [and] unhealthful . . . workplace environment" as an adverse action). The upshot is that, unlike the cases on which FedEx relies, Robinson's discrimination claim is not wholly dependent on her allegations of sexual harassment.

Next, FedEx submits that Robinson "has failed to allege facts plausibly showing any adverse action was taken because she is female." Def.'s Reply Pl.'s Resp. ("Def.'s Reply") at 3, ECF No. 32. As FedEx observes, Robinson relies on "conclusory assertions" to satisfy the "on the basis of sex" requirement. *Id*. Most of the time, conclusory assertions deserve little weight. *See Iqbal*, 556 U.S. at 662. In sex discrimination cases, however, "the complaint merely needs to give the defendant sufficient notice to enable him to begin to investigate and prepare a defense."

*Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013) (citation omitted); *see also Swierkiewicz,* 534 U.S. at 514 (permitting "lawsuits based on conclusory allegations of discrimination to go forward"). Under that standard, the assertion that FedEx "assigned [additional] duties to Plaintiff . . . because of her sex" is all that Robinson needs to avoid dismissal at the pleading stage. Compl. ¶ 148. For these reasons, Robinson has pleaded a viable discrimination claim that is separate from her harassment claim.

## II. Robinson Cannot Sue FedEx Under the IGVA

Next, the parties dispute whether the IGVA authorizes suit against corporations. The statute provides that:

> Any person who has been subjected to gender-related violence as defined in Section 5 may bring a civil action for damages, injunctive relief, or other appropriate relief against a person or persons perpetrating that gender-related violence. For purposes of this Section, "perpetrating" means either personally committing the gender-related violence or personally encouraging or assisting the act or acts of gender-related violence.

740 Ill. Comp. Stat. Ann. 82/10.

So far, every court to squarely address this issue has decided that the IGVA does not apply to corporations. *See Rosas v. Komatsu Am. Corp.*, No. 18-CV-1120, 2018 WL 3758564, at *2 (C.D. Ill. Aug. 8, 2018) ("District courts that have explicitly considered the issue of whether an entity, as opposed to a natural person (human being), can be sued for violating the IGVA have all concluded that such suits against entities cannot be maintained."); *Fuesting v. Uline, Inc.*, 30 F. Supp. 3d 739, 743 (N.D.

Ill. 2014) (collecting cases). Robinson fails to acknowledge these cases, let alone distinguish them.

In any event, the Court is persuaded that corporations cannot be sued under the IGVA. In Illinois, the general rule is that "absent a statutory definition that expands the meaning of 'person,'" that term "refer[s] to an individual, not a legal entity." *Fayfar v. CF Mgmt.-IL, LLC*, No. 12 C 3013, 2012 WL 6062663, at *1 (N.D. Ill. Nov. 4, 2012) (citing *People v. Christopherson,* 879 N.E.2d 1035, 1037 (Ill. App. Ct. 2007)). Nothing in the text of the IGVA suggests that the drafters meant to deviate from that presumption. To the contrary, the statute refers to "person[s]" who "*personally* commit" or "*personally* encourage" gender-related violence. 740 Ill. Comp. Stat. Ann. 82/10 (emphasis added). Because "[o]ne does not typically understand . . . legal entities to 'personally' perform actions," this language reinforces the conclusion that the IGVA only governs natural persons. *Fayfar*, 2012 WL 6062663, at *2.

For her part, Robinson places great weight on two decisions that allowed IGVA claims against corporations to proceed. *See Cruz v. Primary Staffing, Inc.*, No. 10 C 5653, 2011 WL 1042629, at *1 (N.D. Ill. Mar. 22, 2011); *Smith v. Rosebud Farmstand,* 909 F. Supp. 2d 1001, 1009 (N.D. Ill. 2012). But those cases are not helpful, because the defendants did not argue that their status as corporations made them immune from suit. *See Smith*, 909 F. Supp. 2d at 1009 (acknowledging that "[i]t is less clear whether [the corporate defendant] is susceptible to liability, but . . . Defendants provide the Court with minimal support for dismissal"); *Cruz*, 2011 WL 1042629, at

\*1 (observing that the corporate defendant argued only that it was not "personally involved in an act of gender-related violence.")

Robinson's reliance on Illinois's Statute on Statutes is equally unavailing. As relevant here, that statute clarifies that the term "[p]erson . . . may extend and be applied to bodies politic and corporate [entities]." 5 Ill. Comp. Stat. Ann. 70/1.05. But the Statute on Statutes "does not mean that ['person'] must or even that it usually does extend to corporations, only that it may." *Fuesting*, 30 F. Supp. 3d at 743. So understood, those guidelines provide little support for Robinson's reading of the IGVA. As a result, the Court concludes that the IGVA does not authorize Robinson's suit against FedEx.

## Conclusion

For the reasons set forth above, Defendant FedEx's motion to dismiss is granted in part and denied in part. Robinson's IGVA claim (Count V) is dismissed with prejudice; her sex discrimination claim (Count II) against FedEx may proceed.

**IT IS SO ORDERED**   **ENTER: 2/6/20**

*/s/ John Z. Lee*

--------

**JOHN Z. LEE**
**U.S. District Judge**